JAMES P. AND VICKI L. WALLS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walls v. Commissioner
Docket No. 6765-94.
United States Tax Court
T.C. Memo 1995-426; 1995 Tax Ct. Memo LEXIS 426; 70 T.C.M. (CCH) 596; August 30, 1995, Filed *426 Decision will be entered for petitioners reflecting an overpayment in the amount of $ 694. James P. and Vicki L. Walls, pro se. Alan E. Staines, for respondent. POWELL, Special Trial Judge POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioners' 1990 Federal income tax in the amount of $ 615. Petitioners resided in Rescue, California, at the time they filed their petition. The issues are whether petitioners may claim as dependents the children by a previous marriage of petitioner Vicki L. Walls (petitioner) and whether petitioners made an overpayment of income tax. The facts may be summarized as follows. Sometime prior to 1984, petitioner married Kenneth Paul Simas (Mr. Simas), *427 and they had two children. On February 17, 1984, the Superior Court of California, County of Santa Clara (the Superior Court), filed an Interlocutory Judgment of Dissolution of Marriage with respect to petitioner and Mr. Simas. The Superior Court ordered that "the legal care, custody and control of the minor children of the parties * * * be awarded jointly to * * * [Mr. Simas and petitioner] with primary physical custody awarded to * * * [petitioner]." The Superior Court further ordered that "the marital settlement agreement of the parties dated January 12, 1984, is approved, attached hereto, and incorporated by reference, and each of the parties is ordered to comply with all of the terms and conditions stated therein." The marital settlement agreement stated that Mr. Simas "may claim the tax exemption for * * * [the children]. For any year in which support payments for said children are not over two months in arrears." (Reproduced literally.) On May 16, 1984, the Superior Court entered a Final Judgment of Dissolution of Marriage. The judgment was not disturbed or modified until 1993. During 1990 Mr. Simas was current in making support payments for the children, paying a total amount *428 exceeding $ 5,000. Petitioners claimed dependency exemptions for the children in 1990. Section 151(c) allows taxpayers an annual exemption amount for each "dependent," as defined in section 152. Under section 152(a), the term "dependent" includes certain individuals, such as a son, daughter, stepson, or stepdaughter, "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)." Generally, the child of divorced parents is treated as receiving support from the custodial parent. See sec. 152(e)(1). The tax treatment may differ, however, if the parents were divorced pursuant to a decree of divorce or written agreement executed before January 1, 1985, and not subsequently modified, as is the case here. If the divorce decree or written agreement provides that the noncustodial parent is entitled to the dependency exemption, the noncustodial parent will be treated as having provided over half of the child's support if that parent provides at least $ 600 for the child's support. Sec. 152(e)(4). Accordingly, we find that Mr. Simas provided over *429 half of each child's support within the meaning of section 152(a). Petitioner argues that she is not bound by the marital settlement agreement because she was afraid of Mr. Simas and wanted to get the children away from him as quickly as possible, and because Mr. Simas threatened to seek custody of the children if she did not sign the agreement. In effect, petitioner is asking us to ignore the language of the final judgment of the Superior Court. If that judgment was obtained by duress or fraud, petitioner may seek relief from that court. But, until that judgment is set aside, it delineates the rights of the parties and, as a consequence, the right of petitioners to claim exemptions under section 152(a). We sustain respondent's determination on this issue. In their memorandum brief petitioners noted that their tax return preparer had overlooked a withholding credit for 1990 reported on a Form W-2 in the amount of $ 1,309. The Form W-2 is part of an exhibit attached to the parties' stipulation of facts. Section 6512(b)(1) provides that "if the Tax Court * * * finds that there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction *430 to determine the amount of such overpayment, and such amount shall * * * be credited or refunded to the taxpayer." An overpayment of tax is "any payment in excess of that which is properly due." Jones v. Liberty Glass Co., 332 U.S. 524, 531 (1947). The amount of the credit or refund is limited to the portion of the tax paid "within * * * [the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return], if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment". Sec. 6512(b)(3)(B); see also sec. 6511(b)(2)(A). The wage withholding in question is deemed to have been paid on April 15, 1991, a date that falls within the 3-year period prior to the date the notice of deficiency was issued. Sec. 6513(b)(1). Respondent concedes that petitioners overpaid their 1990 tax liability; however, the overpayment is limited to the amount of the payment in excess of the deficiency. Accordingly, we find that there is an overpayment in the amount of $ 694. [2]
*431 Based on the foregoing, Decision will be entered for petitioners reflecting an overpayment in the amount of $ 694. Footnotes
1. Section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. In their "Response to Respondent's Reply Memorandum Brief for Respondent", petitioners seek sanctions against respondent pursuant to Fed. R. Civ. P. 56(g)↩ for acting in bad faith regarding this issue. This is, at best, specious: this Court will not sanction respondent because the tax return preparer overlooked a credit and petitioners originally failed to claim a refund.